BELIZE

THE COMPANIES ACT CHAPTER 250
OF THE LAWS OF BELIZE, REVISED EDITION 2000

---

# ARTICLES OF ASSOCIATION

## OF

## MEDICAL UNIVERSITY OF THE AMERICAS BELIZE LIMITED

---

A Private Company limited by Shares incorporated in Belize.

---

1.   In these Articles unless there be something in the subject or context inconsistent therewith:-

   "The Company" means the above-named Company;

   "The Act" means the Companies Act Chapter 250 of the Laws of Belize, and includes any act amending the same;

   "The Office" means the registered office for the time being of the Company;

   "Secretary" includes any person appointed to perform the duties of Secretary temporarily;

   "Dividend" includes bonus;

   Words importing the singular number only shall include the plural number, and vice versa;

   Words importing the masculine gender only shall include the feminine gender;

   Expressions referring to writing shall be construed as including references to printing lithography, photography, and other modes of representing or reproducing words in a visible forms; and subject as aforesaid, words or expressions shall bear the same meaning as in the Act or any statutory modification thereof in force at the date of incorporation of the Company.

2.   The Regulations contained in Table A in the First Schedule of the Act, Chapter 250 of the Laws of Belize (hereinafter referred to as Table A) shall not apply to the Company except in so far as they are adopted or expressly incorporated herein.

3.   The Company is a Private Company and accordingly:-

   (a)   the right to transfer shares is restricted in manner hereinafter prescribed;

   (b)   the number of members of the Company exclusive of persons who are in the employment of the Company and of persons who having been formerly in the employment of the Company were while in such employment and have

        employment of the Company were while in such employment and have continued after the determination of such employment to be members of the Company) is limited to fifty; provided that where two or more persons hold one or more shares in the Company jointly they shall for the purpose of this Article be treated as single members;

    (c)    any invitation to the public to subscribe for any shares or debentures of the Company is prohibited;

    (d)    the Company shall not have power to issue share warrants to bearer.

4.    No part of the funds of the Company shall be employed in the purchase of or in loans upon the security of the Company's shares.

## SHARES.

5.    The Share Capital of the Company will be $10,000.00 divided into 10,000 Shares of $1.00 each.

6.    Subject to the provisions, if any, in that behalf of the Memorandum of Association of the Company, and without prejudice to any special rights previously conferred on the holders of existing shares in the Company, any share in the Company may be issued with such preferred, deferred, or other special rights or such restrictions, whether in regard to dividend, voting, return of share capital, or otherwise, as the company may from time to time be special resolution determine.

7.    If at any time the share capital is divided into different classes of shares, the rights attached to any class (unless otherwise provided by the terms of issue of the shares of that class) may be varied with the consent in writing of the holders of three-fourths of the issued shares of that class, or with the sanction of an extraordinary resolution passed at a separate general meeting of the holders of the shares of the class.

8.    Every person whose name is entered as a member in the register of members shall, without payment, be entitled to a certificate under the Common Seal of the Company specifying the share or shares held by him and the amount paid up thereon, provided that in respect of a share or shares held jointly by several persons the Company shall not be bound to issue more than one certificate, and delivery of a certificate for a share to one of several joint holders shall be sufficient delivery to all.

9.    If a share certificate is defaced, lost, or destroyed, it may be renewed on payment of such fee, if any, not exceeding seventy-five cents and on such terms, if any, as to evidence and indemnity as the directors think fit.

## LIEN

10.    The Company shall have a first and paramount lien upon all the shares registered in the name of each member and Regulations 9 to 11 of Table A shall apply, but so that such lien shall apply to fully paid shares.

## CALL ON SHARES

11.    Regulations 12 to 17 of Table A shall apply subject to the modification in Articles 12 and 13 hereof.

12.    In Regulation 12 of Table A the words "except so far as may be otherwise agreed between the Company and any Member in the case of shares held by him" shall be inserted immediately after the words "Provided that".

13.    In Regulation 14 of Table A the interest shall be at a rate to be determined from time to

time by the directors not to exceed 10 per centum per annum.

14. The right of members to transfer their shares shall be restricted as follows:

   (a) A share may be transferred by a member or other person entitled to transfer to any member selected by the transferor; but save as aforesaid no share shall be transferred to a person who is not a member so long as any member (or person selected by the Directors as one whom it is desirable in the interest of the Company to admit to membership) is willing to purchase the same;

   (b) The directors may in their absolute and uncontrolled discretion to register any proposed transfer of shares.

15. Regulations 18, 19 and 21 to 23 of Table A shall apply.

## FORFEITURE OF SHARES

16. Regulations 24 to 30 of Table A shall apply.

## CONVERSION OF SHARES INTO STOCK

17. Regulations 31 to 34 of Table A shall apply.

## ALTERATION OF CAPITAL

18. Regulations 41 to 44 of Table A shall apply.

## GENERAL MEETINGS

19. The statutory general meeting of the Company shall be held with the period required by section 66 of the Act. And the Company shall in each calendar year hold a General Meeting as its Annual General Meeting. Not more than fifteen months shall elapse between one Annual General Meeting and the Annual General Meeting next following.

20. All General Meetings other than the Annual General Meeting shall be called Extraordinary General Meetings. General Meetings may be held at such place in or outside of Belize as the conveners of the meeting may determine.

21. The directors, whenever they think fit, may convene an extraordinary meeting, and the directors shall, on the request in writing of the holders of not less than one-tenth of the issued capital of the Company upon which all calls or other sums then due have been paid, forthwith proceed to convene an extraordinary meeting, and the provisions of Section 68 of the Act shall apply.

22. If at any time there are not in Belize sufficient directors capable of acting to form a quorum, any director or any two members of the Company may convene an extraordinary meeting.

23. Whenever it is intended to pass a special resolution the two meetings may be convened by one and the same notice, and it shall be no objection that the notice only convenes the second meeting contingent on the resolution being passed by the requisite majority at the first meeting.

## PROCEEDINGS AT GENERAL MEETINGS

24. Regulations 49 to 59 of Table A shall apply, but so that -

   (a) a general meeting may with the consent in writing of allow the members for the time being, be convened on a shorter notice than seven days or without written notice;

(b) notice of an adjourned meeting shall not be requisite in any case;

(c) the accidental omission to give notice of a general meeting to any member shall not invalidate the proceedings at such meeting;

(d) save as herein otherwise provided, two members personally present or represented by proxy or attorney shall be a quorum for a general meeting.

25. On a show of hands every member present of his Attorney or proxy, whether such attorney or proxy is a member of the Company or not, shall have one vote. On a poll every member or his attorney or proxy shall have one vote for each share of which he is the holder.

26. On a poll votes may be given either personally or by proxy or attorney.

27. Regulations 61 to 63 and Regulations 66 and 67 of Table A shall apply, save that an instrument of proxy may be in the usual common form or in any other form approved or accepted by the directors.

28. Regulation 65 of Table A shall apply but so that there shall be deleted therefrom the last sentence thereof commencing with the words "No person shall act".

## DIRECTORS

29. The number of Directors shall not be less than two nor more than five.

30. The first Directors of the Company shall be:-

    JEFFREY SERSLAND, MD        DAVID FREDERICK Ph.D
    Coconut Drive,              Coconut Drive
    San Pedro,                  San Pedro
    Ambergris Caye,             Ambergris Caye
    Belize                      Belize

31. A Director need not hold any share qualification.

32. Each Director shall have power by an instrument in writing to nominate any person to act as alternate director in his place and at his discretion to remove such alternate director; and on such appointment being made the alternate director shall, except as regards remuneration, be subject in all respects to the terms and conditions affecting the other directors. An alternate director so appointed shall be entitled to notice of meetings of directors and to attend and vote as a director at any meetings of directors at which the director appointing him is not present and generally to exercise all the powers, rights, duties and authorities of the director appointing him. Should an alternate director also be a director of the Company, all rights vested in him as an alternate director (including the right of voting at meetings) shall be in addition to and not in substitution for his rights as a director. Any instrument appointing or removing an alternate director shall be delivered to and retained by the Company. If the director making any such appointment as aforesaid shall cease to be a director, the person appointed by him shall cease to have any power or authority to act as an alternate director. An alternate director shall not be taken into account in reckoning the minimum and maximum number of directors allowed for the time being but shall be counted as one person (whether or not he is also a director or is an alternate for more than one director) for the purpose of reckoning whether a quorum is present at any meeting of the directors attended by him at which he is entitled to vote.

33. The remuneration of the directors shall be at such rate as the Company in general meeting shall from time to time determined; and each director shall be entitled to be

paid his reasonable travelling expenses incurred by him whilst employed in the business of the Company or in attending board meetings.

34. If any Director, being willing, shall be called upon to perform extra services for the purposes of the Company, the Company may remunerate such director by a fixed sum of percentage of profits, or otherwise, as may be determined by the directors, and such remuneration may be either in addition to, or in substitution for, his remuneration above provided.

35. The office of a director shall, ipso facto, be vacated:-

   (a) If he be found lunatic or become of unsound mind;

   (b) If he shall become bankrupt or compound with his creditors;

   (c) If by notice in writing to the Company he resigns his office.

36. No director shall be disqualified by his office from contracting with the Company, nor shall any such contract or any contract entered into by or on behalf of the Company in which any director shall be in any way interested be avoided nor shall any director on contracting or being so interested be liable to account to the Company for any profit realized by any such contract by reason only of such director holding that office, or of the fiduciary relations thereby established, but it is declared that the nature of his interest must be disclosed by him at the meeting of the directors at which the contract is determined on if his interest then exists, or, in any other case, acquisition of his interest.

37. A director may vote in respect of any contract or arrangement in which he is interested.

38. Any director may act by himself or his firm in a professional capacity for the Company, and he or his firm shall be entitled to remuneration for professional services as if he was not a director; provided that nothing herein contained shall authorize a director or his firm to act as Auditor to the Company.

## BORROWING POWERS

39. The directors may, from time to time, at their discretion borrow and secure the payment of any sum or sums of money for the purposes of the Company.

40. The directors may raise or secure the payment or repayment of such monies in such manner and upon such terms and conditions in all respects as they think fit, and in particular, subject to Regulation 3 (c) hereof, by the issue of debentures or debenture stock of the company charged upon all or any part of the property of the company (both present and future) including its uncalled capital for the time being.

## POWER AND DUTIES OF DIRECTORS

41. The Management of the business of the Company shall be vested in the Directors who may pay all expenses incurred in setting up and registering the Company and, in addition to the powers and authorities by these presents or otherwise expressly conferred upon them, may exercise all such powers and do all such acts and things as may be exercised or done by the Company and are not hereby or by statute expressly directed or required to be done by the Company in General Meeting but subject, nevertheless, to the provisions of the Act and of these presents and to any regulations from time to time made by the Company in General Meeting; provided that no regulation so made shall invalidate any prior act of the directors which would have been valid if such regulations had not been made.

42. Regulation 74 of Table A shall apply.

43. The directors may from time to time appoint one or more of their body to the office of managing director or manager for such term, and at such remuneration (whether by way of salary, or commission, or participation in profits, or partly in one way and partly in another) as they think fit, and a director so appointed shall not, while holding that office, be subject to retirement, by rotation, or taken into account in determining the rotation or retirement of directors; but his appointment shall be subject to determination ipso facto if he ceases from any cause to be a director, or if the company in General Meeting resolve that his tenure of the office of managing director or manager be determined.

## ROTATION OF DIRECTORS

44. Regulations 78 to 86 of Table A shall apply.

## PROCEEDINGS OF DIRECTORS

45. Regulation 87 of Table A shall apply.

46. The quorum necessary for the transaction of the business of the Directors may be fixed by the Directors and unless and until so fixed shall be two Directors.

46A. Notwithstanding any other provision contained herein or in Table A a resolution in writing signed by all Directors shall be as valid and effectual as if passed at a meeting of the Board of Directors duly convened and held and may consist of several documents in the like form signed by one or more of the Directors.

47. Regulations 89 to 94 of Table A shall apply but so that -

    (a) a director who is at any time out of Belize shall not during such time be entitled to notice of any meeting of directors, and

    (b) a resolution determined on without any meeting of directors, and evidenced by writing under the hands of a majority of the directors shall be as valid and effectual as a resolution duly passed at a meeting of the directors.

## MINUTES

48. The Directors shall cause Minutes to be duly entered in the books provided for the purpose:-

    (a) Of all appointments of officers;

    (b) Of all the names of the directors present at each meeting of the directors and of any committee of directors;

    (c) Of all orders made by the directors and committees of directors;

    (d) Of all resolutions and proceedings of general meetings and of meetings of the directors and committees.

    And any such minutes on any meeting of the directors or of any committee, or of the Company, if purporting to be signed by the Chairman of such meetings, or by the Chairman of the next succeeding meeting shall be receivable as prima facie evidence of the matters stated in such minutes.

49. The Secretary shall be appointed by the directors for such terms at such remuneration upon such conditions, as they may think fit, and any Secretary so appointed may be removed by them.

## THE SEAL

50. The directors shall provide for the safe custody of the Seal and the Seal shall never be used except by the authority of the directors, or of a Committee of the directors, previously given and in the presence of one director at least who shall sign every instrument to which the Seal is affixed and every instrument shall be countersigned by the Secretary or some other person appointed by the directors.

## DIVIDENDS AND RESERVE

51. Regulations 95 to 102 of Table A shall apply, and in addition to the provisions therein contained any general meeting declaring a dividend may resolve that such dividend be paid wholly or in part by the distribution of specific assets, and in particular of paid-up shares, debentures or debenture stock of the Company.

## ACCOUNTS

52. Regulations 103 to 108 of Table A shall apply.

## AUDIT

53. Once at least in every year the accounts of the Company shall be examined and the correctness of the profit and loss account and balance sheet ascertained by an auditor or auditors.

54. The Company shall at each annual general meeting appoint an auditor or auditors to hold office until the next annual general meeting and his or their appointment and duties shall be regulated in accordance with Sections 113 and 114 of the Act.

55. A notice shall be served by the Company upon any member either personally or by sending it through the post in a prepaid letter, envelope, card or wrapper addressed to such member at his registered address as appearing in the register of members.

56. All notices to be given to the members shall with respect of any share to which persons are jointly entitled, be given to whichever of such persons is named first in the register of members and notice so given shall be deemed sufficient notice to all holders of such shares.

57. Each member described in the register of members from time to time shall give the Company an address to which notices may be served upon him and shall be entitled to have notices served upon him at such address, but save as aforesaid, no member other than a registered member described in the register of members shall be entitled to receive any notice from the Company.

58. Any notice sent by post shall be deemed to have been served on the day following that on which the letter, envelope, card or wrapper, containing the same is put into the post and in proving such service it shall be sufficient to prove that the letter, envelope, card or wrapper containing the notice was properly addressed and put into the Post Office with the postage prepaid thereon.

59. Every person who by operation of law, transfer or other means whatsoever shall become entitled to any share, shall be bound by every notice in respect of such share

which, previously to his name and address being entered in the register, shall be duly given to the person from whom he derives his title to such share.

60. Any notice or document delivered or sent by post or left at the registered address of any member in pursuance of these presents, shall notwithstanding such member be then deceased, or whether or not the Company have notice of his decease, be deemed to have been duly served in respect of any shares held solely or jointly with other person be registered in his stead as the holder or joint holder thereof, and such service shall for all purposes of these presents, be deemed a sufficient service of such notice or documents on his executors or administrators and all persons, if any, jointly interested with him in any such shares.

## WINDING UP

61. If the Company should be wound up, whether voluntarily or otherwise, the Liquidators may with the sanction of an extraordinary resolution, divide amongst the contributors in specie, any part of the assets of the Company and may with the like sanction, vest any part of the assets of the Company in Trustees, upon such trusts, for the benefit of the contributors as the Liquidators with the like sanction shall think fit, and any such decision may, if so decided by specie resolution be otherwise than in accordance with the rights of the members.

## INDEMNITY

62. Every Managing Director, Director, Manager or Officer of the Company or any person or persons employed by the Company as auditors or auditor shall be indemnified out of the funds of the Company against all liability incurred by him as such Managing Director, Director, Manager, Officer, Auditor or Auditors, in defending any proceedings, whether civil or criminal in which judgement is given in his favour, or in which he is acquitted or in connection with any application under Section 255 of the Act, in which relief is granted to him by the Court.

WE the several persons whose names, addresses and descriptions are subscribed are desirous of being formed into a company in pursuance of this Articles of Association, and we respectively agree to take the number of shares in the capital of the company set opposite to our respective names.

| Names, Addresses and Description of Subscribers | Number of Shares taken by each |
|---|---|
| *(signed)* <br> DARLENE VERNON <br> 62 Cleghorn Street <br> Belize City <br> Belize <br> Paralegal | ONE |
| *(signed)* <br> KARIMA VASQUEZ <br> Princess Margaret Drive <br> Belize City <br> Belize <br> Office Manager | ONE |

DATED the 2nd day of July 2002

Witness to the above signatures:

NAME:

ADDRESS:

OCCUPATION:

# MEDICAL UNIVERSITY OF THE AMERICAS

A MEMBER OF THE INTERNATIONAL MEDICAL CONSORTIUM

Central American Campus
P.O. Box 127 • San Pedro, Ambergris Caye • Belize, Central America
Telephone 011-501-226-3744 • Fax 011-501-226-3744 • Email: muabelize@btl.net • Website: www.mua.edu

BE IT RESOLVED;

The Board of Directors conducted a special meeting on September 14th, 2004 held at Mercy University School of Medicine in San Pedro. It was unanimously agreed upon to add an additional director to the company named Katherine Von Bank effective immediately.

_____
Director/Chairman

_____
Director/Secretary