UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PETER AND KATHERINE VONBANK  )
          Plaintiffs  )
v.  )
   )  Civil Action No.: 08-40223
DAVID FREDRICK, Ph.D.  )
          Defendant  )

## MINI-BRIEF ON ISSUE OF BELIZE LAW
## ON TRANSFER OF SHARES OVER TRANSFER RESTRICTION

The Plaintiffs, Peter and Katherine Von Bank ("Von Bank") file this Mini-Brief on the sole issue of the effect of the Laws of Belize on the enforceability of the transfer of shares in a private company despite the existence of a transfer restriction. The reason this brief is filed after the initial filings in this matter is that the undersigned did not have an opportunity to research the case law of Belize until after the initial filings. The undersigned did serve the Defendant with the affidavit of Katherine Von bank with the initial pleadings. The affidavit includes as Exhibit B a copy of the case from the Supreme Court of Belize that is cited herein. He also emailed a copy of the case to long-standing counsel for the Defendant (who may or may not be appearing for the Defendant in this matter). Therefore, the Defendant is not prejudiced by this second-day filing.

### BACKGROUND

The Plaintiffs have filed their Motion for Preliminary Injunction, seeking to enforce a contract between the Plaintiff and the Defendant, in which the Defendant has promised to return or otherwise cancel his 5,000 shares in Medical University of the Americas, Belize, Ltd. ("MUA-B"), a private copy organized under the laws of the Country of Belize, in return for the Plaintiff's act of causing the managers of MUA-B to agree to change the name of the school and come to a satisfactory settlement of the

Plaintiff's claim against the school and its managers raised before this Court in a case styled as *Von Bank v. Sersland*, et al., C.A. No. 07-40205 ("Sersland Suit"). The Plaintiff has agreed to settle the Sersland Suit, pursuant to a settlement agreement that calls for MUA-B to change its name by January 1, 2009.

Despite the Plaintiff's completed performance, the Defendant has suggested that he is unable to perform his contract with the Plaintiff, because he transferred his shares to a third party, EIC Holding Co., Inc. (a Massachusetts corporation, hereinafter "EIC"), and the directors of EIC will not allow him to cancel or otherwise return the 5,000 shares, without condition. The purpose of this Brief is to explain Belizean law on the subject.

## **FACTS**

For purposes of this analysis, we point out certain fundamental facts.

- MUA-B is a Private Company, organized by the terms of its Articles of Association ("Articles"), which were recorded with the government of that country.[1]

- Any shares issued to Fredrick are subject to a transfer restriction found in Article 14 of the Articles. The restriction prohibits the transfer of any shares in MUA-B to a non-member, "so long as any member … is willing to purchase the same."

- Fredrick, who was a director at MUA-B at the time of the recording of the Articles of Association, has imputed knowledge of the Articles of Association … (Belize Companies Act, Art. 14(1), a copy of which is attached hereto as Exhibit A);

- Fredrick claims he transferred the shares upon the sale of his medical school(s) to EIC. The sale of the medical schools took place in late April or early May of 2007. We know this because Fredrick attended an MUA-B shareholders meeting on May 7, 2008 and announced he had just attending the closing of the sale of the medical schools. Fredrick did not inform the shareholders that he transferred his MUA-B shares upon completion of the sale;

---

[1] The Articles of Association were submitted with the Verified Complaint as Exhibit D.

- At the time of Fredrick's attempted transfer, the shareholders of MUA-B were: Fredrick (50%), the Plaintiffs (35%), Timothy Jeffers ("Jeffers") (10%), the Serslands, (4.8 %) and an agent from Belize (.2%). EIC was not a member of MUA-B.

- During the time of the alleged transfer, and at no time since the alleged transfer, did Fredrick inform any of his fellow members that he planned to transfer the shares, or that he did transfer the shares.

- Neither Jeffers nor the Serslands were given the opportunity to purchase the shares at any price.

- At the time of the transfer of the shares, the Plaintiffs – members of the company – were desirous of purchasing the shares. In fact, they possessed an outstanding offer to purchase Fredrick's shares. The purchase price was the commitment of MUA-B to change its name. The offer remained open, or so they thought, at the time the relied on the offer and settled the Sersland Suit. Fredrick asked for no other price.

The Laws of Belize will set aside the transfer of shares in a private company if it violates a transfer restriction found in the Articles of Association. *Sagis Investments Ltd. v. Radio Krem, Ltd*, Supreme Court of Belize, Claim No. 519 of 2007 (decided May 27, 2008). At issue in the *Sagis Investment* case was a purchaser's claim to shares in a private company, which shares he purchased despite the prohibition on the transfer of shares appearing in the Articles of Association of that company. The company did not allow transfer to a non-member: "unless the right of preemption hereinafter conferred shall have been exhausted." *Sagis Investments Ltd* at page 8, par. 19. The Court found the restriction to be clear, unambiguous and enforceable, providing notice both to the transferor and the transferee. *Id*. at p. 14, par. 30. The restriction was ignored by the transferor. *Id*. At p. 15, par. 31 p. 17, par. 36.

The Court addressed the lack of enforceability of a share transfer that ignores the preemption rights of fellow members as bargained for in the Articles of Association, an issue identical to that involving the transfer from Fredrick to EIC.

> [T]he Articles of Association of the defendant company contain a pre-emption provision which is for the benefit of these other shareholders. If there was to be a transfer of its shares the current members must be given the right of first refusal before the shares could be transferred to non-members. The Articles of Association, it must be remember, is by section 14 of the Companies Act a statutory contract between the shareholders themselves **and** between them and the company. If the other shareholders are to forego this right of preemption or first refusal, there most, I think, be some evidence of this. … The stated "parlous financial position" of the defendant at the time is, in my view, no reason to disregard its Articles of Association.

*Id*. at p. 18, par. 38. (emphasis original)

There can be no doubt, therefore, but that the Laws of Belize honor transfer restrictions included in Articles of Association.  There can equally be no doubt but that the Articles of Association of MUA-B contained an enforceable transfer restriction.  Finally, we know that the transfer restriction was breached.  Fredrick was required to offer his shares to the members, before transferring them to EIC, a non-member.  Fredrick did not offer them at all to Jeffers or the Serslands, and he offered them to the Von Banks but did not allow them to complete their purchase.  The transfer of shares in MUA-B by Fredrick, is therefore unenforceable pursuant to the laws of Belize, and is, in fact, a breach of contract to the members and to MUA-B.  The transfer may be unwound by this Court.

EIC cannot be heard to complain if, in fact, it provided consideration for the transfer. The Articles of Association was a public document, not only available at government offices, but know to Fredrick.  Any issue with regard to harm to the transferee is addressed by the *Sagis* court, which points out that EIC did not protect itself by reviewing or reading the Articles of Association, which would have revealed Fredrick's lack of capacity to transfer the shares.

> "I must say that it is the role and function, nay duty of the courts, to give effect to the business purpose intended by the parties to a business agreement. … In this case the [transferee] must have known that it was dealing with a private company with registered Memorandum and Articles of Association. A prudent and business-like person would doubtless, have inspected these public documents to see if there were any restrictions on the transfer of its shares. Evidently, no one bothered on the part of the [transferee] to inspect or read these documents.

*Id*. at p. 17, par. 36.

The Plaintiffs, therefore, ask this Court to consider any transfer of shares in MUA-B by Fredrick to be ineffective pursuant to the Laws of Belize. This Court may disregard such a transfer. The Court is free, therefore, to consider the Plaintiffs' request that Fredrick be Ordered to satisfy his contract and cancel his shares in MUA-B, as if no transfer took place.

                             Respectfully submitted,

                             Peter and Katherine Von Bank,
                             By their Attorney,

                             _____
                             Kenneth I. Gordon, BBO# 556762
                             63 Chatham Street
                             Boston, MA 02109
Dated: November 25, 2008     (617) 742-4602