UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER AND KATHERINE VONBANK )<br>                       Plaintiffs      )<br>v.                                      )<br>                                      )<br>DAVID FREDRICK, Ph.D.      )<br>                     Defendant       ) | Civil Action No.: 08-40223 |

**SUPPLEMENTAL MEMORANDUM OF LAW
ON THE ISSUE OF THE EFFECT OF ULTIMATE RELIEF
ON PLAINTIFF'S MOTION FOR INJUNCTION**

The Plaintiffs, Peter and Katherine Von Bank ("Von Bank"), respectfully file this Supplemental Memorandum of Law to address the Defendants' claim that the Preliminary Injunction should not issue because the injunction seeks the ultimate relief sought in the lawsuit  The Memorandum of Law relies on two cases, one from the First Circuit Court of Appeals, the other the Massachusetts Supreme Judicial Court, for the proposition that ultimate relief may be granted by a preliminary injunction, in cases where the Defendant will lose no due process rights because he has no cogent defense to present.  The instant case provides such a fact pattern.

**FACTS**

The Plaintiffs incorporate by reference the facts set forth in the Verified Complaint as supplemented by the following fact, as pled in the Affidavit of Attorney Kenneth I. Gordon:

1. On December 3, 2008, Attorney Gordon received a telephone call and an email from Attorney Timothy J. Perry, counsel for defendant Jeffrey Sersland in a related lawsuit described in the Complaint, styled as *Von Bank v. Sersland et al.*, U.S. District Court, D.Mass. C.A. No. 07-40205-FDS ("Sersland Suit").

2. The phone call and email informed Attorney Gordon that the Defendants' initial payment of $100,000 of settlement proceeds from the Sersland Suit had been deposited into Attorney Perry's IOLTA account.

3. Later that evening, Attorney Perry reviewed and approved the final Settlement Agreement, his client already having executed a less formal Settlement Memorandum.

4. At a hearing before this Court on November 24, 2008, the Defendant suggested that the preliminary injunction sought by the Plaintiff in this matter may be inappropriate, because it seeks the ultimate relief requested by the Verified Complaint.

## **ANALYSIS**

As was fully briefed and described in Plaintiffs' Memorandum of Law in Support of Motion for Preliminary Injunction, the Plaintiff has demonstrated the elements required for Specific Performance of Contract. The elements are (1) inadequate remedy at law, and (2) the practical burdens of enforcement are not disproportionate to the advantages gained.  The Plaintiffs demonstrated an enforceable contract between themselves and the Defendants.  The Defendant offered in the form of an email that he would convey his interest in shares in Medical University of the Americas, Belize, Ltd., ("MUA-B") in return for the Plaintiffs' delivery of the commitment of the operators of MUA-B to change the name of the school. The Plaintiffs accepted the Defendant's acceptance by performance – the Settlement Memorandum resolving the Sersland Suit commits the operators of MUA-B to change the name of the school to a different name that is not a derivative of "Medical University of the Americas" or the initials.

The settlement agreement that resolved the Sersland Suit, requires the Von Banks to deliver an affidavit of cancellation of David Fredrick's shares in MUA-B ("Affidavit of Cancellation").  The Von Banks have performed every other obligation required of them under the Settlement Agreement.  Now that the initial payment of $100,000 has been deposited in trust, the defendants in the Sersland Suit have also fully performed their obligations under the settlement memorandum and agreement.

The revised deadline for the Von Banks to provide the Affidavit of Cancellation is December 15, 2008.  If that date comes and goes, the Von Banks will have failed to satisfied the terms of the Settlement Agreement and they will lose the benefit of the settlement.  Irreparable harm is that they will be unable to collect the balance of settlement proceeds, and their equity position in MUA-B will become worthless.

## ARGUMENT

The Defendant has suggested in prior oral argument that the Plaintiff is not entitled to the preliminary injunction he has requested, because the injunction seeks the ultimate relief sought by the Verified Complaint.  As a general rule, the Plaintiff is correct that courts do not prefer to provide the ultimate relief requested by the Plaintiff without a full hearing provided to the Defendant.  H. McClintock, Handbook on the Principles of Equity § 15 at 33 (2d Ed. 1948). However, "granting an applicant, through a preliminary injunction, all of the ultimate relief the applicant seeks after a full trial in the appropriate circumstance is a common and proper occurrence.  *Petricca Construction Company v. Commonwealth,* 37 Mass.App.Ct. 392, 400 (1994), *citing Quincy Ornamental Iron Works, Inc. v. Findlen,* 353 Mass. 85, 87-88 (1967); *Modern Continental Constr. Corp. v. Lowell*, 408 Mass. 391 Mass. 829, 837-838 (1984), *Edwards*

*v. Boston,* 408 Mass. 643, 645-647 (1990); *J. D'Amico Inc. v. Worcester,* 19 Mass.App.Ct. 112, 114-115 (1984).  "It is proper, indeed desirable, to issue an injunction if its issuance is the only way to preserve the status quo and it promotes the public interest to do so, even though it grants the ultimate relief sought. *Petricca Construction Company v. Commonwealth,* 37 Mass.App.Ct. at 400, citing Edwards v. Boston, 408 Mass. at 646-647.

The First Circuit came to the same conclusion, when it held that a preliminary injunction is largely a tool used to preserve the status quo.  *Crowley v. Local No. 82 Furniture and Piano Moving, et al*., 679 F.2d 978, 996 (1982).  "However, [i]f the currently existing status quo itself is causing one of the parties irreparable injury, it is necessary to alter the situation so as to prevent the injury, either by returning to the last uncontested status quo between the parties – by the issuance of a mandatory injunction, … or by allowing the parties to take proposed action that the court finds will minimize the irreparable injury.  The focus always must be on the prevention of injury by a proper order, not merely on preservation of status quo."  *Id*.

The Crowley court focused in on the issue that is most relevant in the matter before this Court.  "At the heart of this reluctance to issue ultimate or mandatory preliminary relief is the concern that a defendant have notice of a claim against it and an opportunity to respond. *See Marshall Durbin Farms, Inc. v. National Farmers Organization, Inc.*, 446 F.2d 353, 356 (5th Cir. 1971) (Rule 65(a) requires notice and hearing). It would plainly be unfair and inequitable for a defendant to be enjoined in his conduct on the basis of a claim he has not had a full opportunity to respond to."  *Crowley*, 679 F.2d at 998.

> The history of the development of the preliminary injunction in this case-reviewed above in the discussion of the status quo-reveals that the shaping of the injunction was attended with proper notice and hearing …. that the two proposed orders gave defendants ample notice of the injunction's proposed terms, and that defendants had opportunity over several months to present contrary arguments and evidence. Defendants also had sufficient notice of plaintiffs' claims and opportunity to controvert them, as shown by their presentation of evidence on liability in March, 1981, several weeks after development of the preliminary injunction had begun.

*Id.*

Fredrick was served more than one week ago.  He had an opportunity, albeit brief, to present a defense at the first hearing in this matter. He has been provided a second opportunity to defend himself today.  He has had more than a week to prepare a defense. More than a week to present to this Court any facts in support of  a defense to the Plaintiff's breach of contract claim, or to explain why the Plaintiffs will not suffer irreparable harm if he is not ordered to specifically perform his contract with them.  He has had more than week to explain how it is that balance of harms may tip in his favor, if he is not ordered to cancel his worthless shares – worthless to all except the Plaintiffs and the corporation that issued the shares.  As of 9:45 p.m. the evening before the hearing scheduled in this matter, the Defendant has been unable to serve the Plaintiff with an affidavit that includes a single fact to defend himself against the Plaintiff's claim.[1]

As Fredrick has no defense in this matter at all, the Plaintiffs pray this Court take two steps in this matter:

---

[1] His argument that he conveyed his shares over a stock restriction to EIC Holdings, Inc., and after he committed those shares to the Von Banks, is no excuse for performance. It is instead an explanation for his motive to breach his contract with the Plaintiffs.

1) It should consider any conveyance of Fredrick's shares in MUA-B to a third-party to be unenforceable and void, as a matter of Belize law.[2]

2) The result of step one is that the equitable right to the Fredrick shares of MUA-B is returned to Fredrick, even if he does not have the shares themselves. The fact that the shares themselves may be in the custody of a third party is of no moment, since that third party cannot further transfer the shares over a transfer restriction in any case.

3) With the effective control of the shares back in Fredrick's hands, status quo has been returned. Fredrick is once again free to satisfy his contract with the Von Banks, and he should be ordered to do so. Any other result will result in continuing irreparable harm to the Von Banks.

Respectfully submitted,

Peter and Katherine Von Bank,
By their Attorney,

_____
Kenneth I. Gordon, BBO# 556762
63 Chatham Street
Boston, MA 02109
Dated: December 4, 2008          (617) 742-4602

CERTIFICATE OF SERVICE

I, Kenneth I. Gordon, hereby certify that I have served the Defendant, through his counsel Michael Angelini, with a copy of this Supplemental Memorandum of Law as well as the Affidavit of Kenneth I. Gordon by email this 4th day of December, 2008.

/s/ Kenneth I. Gordon

---

[2] See Plaintiffs' Mini-Brief on application of Law of Belize on Transfer of Shares over Transfer Restriction.