UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PETER AND KATHERINE VONBANK )
          Plaintiffs )
v. )
    ) Civil Action No.: 08-40223
DAVID FREDRICK, Ph.D. )
          Defendant )

**PROPOSED ORDER**
**ON PLAINTIFF'S MOTION FOR INJUNCTION**

A hearing on this matter was held on November 26, 2008, and continued to December 5, 2008. After reviewing submissions and oral presentations at both of these hearings, this Court finds sufficient evidence to support the Plaintiffs' contention that it had a binding contract with the Defendant, David Fredrick, Ph.D. ("Fredrick") by which Fredrick promised he would cancel or otherwise return his 5,000 shares in Medical University of the Americas, Belize, Ltd., a private company organized under the Laws of Belize ("MUA-B"), in return for the Plaintiffs' act of causing the operators of MUA-B to change the name of the school. This Court finds, and the parties agree, that MUA-B's organizers agreed to change the name of the school, and therefore the Plaintiffs provided consideration for the contract. The Defendant breached the contract by failing to return or cancel the shares by December 1, 2008, the implicit date for performance.

This Court finds that the Plaintiffs will be irreparably harmed if the Defendant is not Enjoined from refusing to perform his contract with them, as his refusal to perform his contract causes the Plaintiffs to become unable to perform their obligations as required by a settlement agreement resolving another matter before this Court, *Von Bank v. Sersland, et al*., Civil Action No. 07-40205-FDS. The Defendant's conduct, therefore, is not only causing irreparable harm to the Plaintiffs, but to the defendants in the 2007

case as well. This ongoing irreparable harm cannot be cured unless the parties are returned to the status quo that existed before the breach of the Defendant. It is for this reason that while the Preliminary Injunction may call for what appears to be the ultimate relief sought by the Plaintiffs in this matter, such relief is nevertheless required.

The Court finds unpersuasive any argument of the Defendant that he conveyed his shares in MUA-B to a third party. First, he has not demonstrated sufficient evidence of any such conveyance. Second, he is on notice of a restriction in the transfer of shares of MUA-B that prohibits him from engaging in the transfer he claims. The laws of Belize recognize and enforce such transfer restrictions. *Sagis Investments, Ltd. v. Radio Krem Ltd.,* Supreme Court of Belize, Claim No. 517 of 2007. While the Defendant may be unable at this time to return the actual shares of MUA-B issued to him, he is may satisfy his contract with the Plaintiffs by executing an Affidavit of Cancellation that has been deemed acceptable by MUA-B.

The Court finds that as the shares in MUA-B cannot be transferred by Fredrick to anyone other than a current shareholder of MUA-B – such as the Plaintiffs. Should Fredrick persist in his breach of contract, he will ensure that his 5,000 shares in MUA-B are worth nothing, because the managers of MUA-B will not revive the business while those shares are in Fredrick's possession. Therefore, should the Defendant continue to breach his contract with the Plaintiffs, the shares now held by Fredrick will have no value at all. Therefore, the Court orders the amount of the bond required by Fed.R.Civ.P. 65(c) to be set in the nominal amount of one dollar.

The Court therefore Orders as follows:

1) Any conveyance of Fredrick's shares in MUA-B are hereby unenforceable and void, as a matter of Belize law.

2) The result of step one is that the equitable right to use, vote or otherwise enjoy Fredrick's shares in MUA-B are, and always have been, vested with Fredrick.

3) With the effective control of the shares back in Fredrick's hands, Fredrick is hereby ORDERED to satisfy his contractual obligation to the Von Banks by executing the Affidavit of Cancellation, a copy of which is attached to this Order.

4) The Plaintiffs may provide the sum of one dollar in satisfaction of the requirement of a bond in this matter to the Court within fourteen (14) days of the issuance of this Order.

5) Service may be made by providing a copy of this Order to counsel for the Defendant, who will instruct the Court as to the timing and manner in which he informed the Defendant.

   
_____  
Hon. F. Dennis Saylor, III  
District Court Judge

## **MEDICAL UNIVERSITY OF THE AMERICAS, BELIZE LIMITED**

## **AFFIDAVIT RELEASE OF SHARES**

  I, David Fredrick of Gardner, Massachusetts, U.S.A., of legal age of majority, hereby release any and all right I may have to and hereby cancel any and all equity ownership interest I may have in Medical University of the Americas – Belize Limited ("MUAB") including but not limited to any ownership reflected by MUA-B Certificate No. 1, representing 1 share of MUA-B and MUA-B Certificate No. 3, representing 4,999 shares of MUA-B. I represent and warrant that I have not transferred ownership of these shares to any third party, or that if I have done so, I have re-acquired ownership of those shares. A copy of the share certificates are attached hereto. To the extent possible, the original share certificates will be returned to Medical University of the Americas – Belize Limited.

  Signed under the pains and penalties of perjury this ___ day of _____, 2008

_____        _____
David Fredrick                     Witness



