UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER AND KATHERINE VONBANK )  <br>                Plaintiff,    )  <br>                                     )  <br>v.                                           )  <br>                                     )  <br>DAVID FREDRICK, Ph.D.,       )  <br>                Defendant.  )  | CIVIL ACTION NO.  4:08-cv-40223 |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS'
EMERGENCY MOTION FOR INJUNCTIVE RELIEF**

Defendant, David Frederick, Ph.D. ("Frederick"), hereby opposes the Plaintiffs, Peter and Katherine Von Bank (collectively "Plaintiffs"), motion for preliminary injunction for the reasons set forth in detail below.

It is well-settled that a plaintiff must satisfy four criteria in order to be entitled to a preliminary injunction.  See LeBeau v. Spirito, 703 F.2d 639, 642 (1st Cir. 1983).  The Court must find the following: "(1) that the plaintiff will suffer irreparable injury if the injunction is not granted; (2) that such injury outweighs any harm which granting injunctive relief would inflict on the defendant; (3) that plaintiff has exhibited a likelihood of success on the merits; and (4) that the public interest will not be adversely affected by the granting of the injunction." Id. *quoting* Women's Community Health Ctr., Inc. v. Cohen, 477 F.Supp. 542, 544 (D.Me. 1979); see also Coalition for Basic Human Needs v. King, 654 F.2d 838, 841 (1st Cir. 1981) (holding that even when irreparable injury is obvious, plaintiff must show probability of prevailing on clams to obtain a preliminary injunction.  All such claims for injunctive relief must be denied because Plaintiffs cannot show either a likelihood of prevailing on their legal claims or the requisite irreparable injury.

A. <u>Plaintiff Cannot Demonstrate A Likelihood Of Success On The Merits Of Any Of His Claims</u>

Plaintiffs have failed to satisfy their burden of proving that they are likely to succeed on any of their claims in this action. Indeed, as more fully discussed below, the record before this Court does not demonstrate that Plaintiffs are entitled to any relief whatsoever.

The Verified Complaint and the attached exhibits setting forth communications between the Plaintiffs and their agents and Fredrick fail to show that there was a "meeting of the minds" as to the alleged terms of the alleged oral contract that the Plaintiffs are seeking to enforce. The Plaintiffs' assertions that the April 9, 2007 email between Fredrick and VonBank reflect an agreement are incorrect. The email in relevant part states:

> I agree with the proposal that if the 1.8 million is repaid, in total, to the Von Banks, **and the name of the MUA Belize is changed immediately, I will not pursue further action to assert my 50% shares.** (Emphasis Added). Email Correspondence from Fredrick to Plaintiffs' Attorney (April 9, 2007) attached as Exhibit A to the Verified Complaint,

As an initial matter, if the email was an offer, which is disputed, then the acceptance of the offer was conditioned upon the immediate change of the name of MUA Belize. The Plaintiffs' acceptance of the offer would have required an immediate name change. It is undisputed that as of this date, more than twenty months after this email, MUA Belize has <u>still not</u> changed its name. As such, even if it had been an offer, it was not accepted by the Plaintiffs.

Second, the alleged offer email does not state that Fredrick would convey his shares to the Plaintiffs or back to Medical University of the Americas Belize Limited ("MUA-B") if the name of MUA-B was changed. It merely indicates that he would "not pursue further action to assert my 50% shares." Furthermore at the time of this email correspondence David Gill had not yet moved to add additional parties to the litigation, which adversely affected Fredrick's interests.

The second email attached to the Verified Complaint as Exhibit B from Fredrick to Gordon, dated November 21, 2008, similarly does not constitute an offer and/or modification of an offer for the transfer of Fredrick's stock, as suggested by the Plaintiffs. It is not disputed that Fredrick stated in this email that he did not expect a personal financial benefit from the settlement of the prior case; however, nowhere in the record before the Court does Fredrick agree to transfer his interests in MUA-B .

The Plaintiffs' reliance on the Affidavit of Katherine VonBank is misplaced. The Affidavit challenges the transfer of stock from Fredrick to EIC Holdings, Inc.; however, it does not support a basis for why Fredrick should be compelled to transfer his interests or return his interests in the MUA-B to the Plaintiffs.

B.  Plaintiffs Are Not Entitled To Specific Performance

Apart from the deficiencies in the Verified Complaint and Motion for an Injunction outlined above Plaintiffs' request for specific performance at this early stages of the litigation must be denied because there is no emergency that justifies the extraordinary, expedited relief it requests. Plaintiffs apparently are asking the Court to grant on a preliminary basis virtually all the final relief sought by their Verified Complaint. This request in and of itself is contrary to well settled law and justifies the denial of Plaintiffs' Motion for Preliminary Injunction. The Plaintiffs have not offered any admissible evidence which supports its assertion that it should be awarded the ultimate relief in this litigation before Frederick has had an opportunity to file a responsive pleading or conduct appropriate discovery. In fact, on its face the Plaintiff's own pleadings to this Court show that the parties involved in the prior settlement were not prepared to meet the self-imposed December 1st deadline as demonstrated by the emails submitted by Attorney Gordon which show that David Gill was not even ready to perform his obligations under the prior settlement agreement until December 4, 2008 nor does the record before the

Court reflect Fredrick's alleged offer to transfer his stock in MUA-B.

Plaintiffs' characterization that Frederick has had sufficient time to rebut the Plaintiffs' proposed relief is disingenuous at best. Particularly, since the Plaintiffs have filed an additional memorandum in support of their request for immediate conveyance of share and cancellation of any stock transfer less than 24 hours before the scheduled hearing. The Plaintiffs have not even set forth before this Court the terms of the proposed Sersland settlement or why the Plaintiffs would be in breach of a contract which both parties failed to perform by the deadline.

In balancing the hardships that would ensue upon the grant of a preliminary injunction, courts generally disfavor preliminary injunctions of a mandatory nature, particularly when they grant the ultimate relief sought by the moving party. See, e.g., Crowley v. Local No. 82, Furniture & Piano Moving, 679 F.2d 978, 995 (1st Cir. 1982), rev'd on other grounds, 467 U.S. 526, 104 S.Ct. 2557 (1984); S.W. Industries, Inc. v. Aetna Casualty & Surety Co., 646 F.Supp. 819, 823 (D.R.I.1986). Granting plaintiff's injunction here would alter, rather than preserve, the status quo and would effectively eliminate the Court's ability to render a meaningful judgment on the merits after a more complete analysis.

  C. <u>Plaintiffs Have failed to Show That Money Damages Would Fail To Satisfy Any Judgment Should They Prevail</u>

Plaintiffs cannot establish that the failure to award injunctive relief will cause the Plaintiffs' irreparable harm for Fredrick's alleged breach of contract. Irreparable harm normally is not present "where only money is at stake and where the plaintiff has a satisfactory remedy at law to recover the money at issue." Foxboro Co. v. Arabian Am. Oil Co., 805 F.2d 34, 37 (1st Cir. 1986); In re Websecure, Inc., 1997 WL 770414 (D.Mass. 1997). In this case, the Plaintiffs have an adequate remedy at law, and there is no suggestion that Frederick is in the process of dissipating his assets or otherwise taking steps that will render him incapable of satisfying any

judgment.  Cf. Teradyne, Inc. v. Mostek Corp., 797 F.2d 43 (1st Cir. 1986).  Nor is there any basis to Plaintiffs' suggestion that any harm caused cannot be remedied in dollars.  To the contrary, the Sersland settlement agreement which is the subject of this current dispute between the VonBanks and Fredrick expressly specifies terms for monetary damages if the Defendants breached or failed to satisfy the settlement agreement.  The degree to which money can soothe the injury is a principal indicator of the irreparability of the harm."  Westinghouse Broadcasting Co., Inc. v. New England Patriots, 10 Mass. App. Ct. 70, 72 (1980).  Thus, any injury that can be redressed by the payment of money damages is not irreparable.  Foxboro Co. v. Arabian Oil Co., 805 F.2d 34, 36 (1st. Cir. 1996).  As such, the Plaintiffs inability to enter into the Sersland settlement agreement is measurable by monetary damages.

For foregoing reasons, it is clear that the Plaintiffs cannot establish a likelihood of success on the merits of its claims.  Furthermore, injunctive relief is inappropriate given that money damages are ascertainable in this instance were the Plaintiffs to succeed on any portion of its claims.  Accordingly, Defendant respectfully request that this Court deny the Plaintiff's request for a preliminary injunction or specific performance.

    Respectfully submitted,

    DAVID FREDRICK.
    By his Attorneys:

    /s/ Michael P. Angelini
    Michael P. Angelini (BBO #019340)
    Douglas T. Radigan (BBO#657938)
    Bowditch & Dewey, LLP
    311 Main Street, P.O. Box 15156
    Worcester, MA  01615-0156
    (508) 791-3511
    mangelini@bowditch.com
    dradigan@bowditch.com

Dated:  December 5, 2008

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 5, 2008.

/s/ Michael P. Angelini
Michael P. Angelini